IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| EQUIFAX INFORMATION SERVICES LLC,<br><br>Plaintiff,<br>v.<br><br>LEXISNEXIS RISK SOLUTIONS FL INC.,<br>f/k/a LEXISNEXIS RISK & INFORMATION<br>ANALYTICS GROUP INC.,<br><br>Defendant. | Civil Action No. 3:10CV609 |

**DEFENDANT'S OPPOSITION TO MOTION TO CONSOLIDATE**

Defendant LexisNexis Risk Solutions FL Inc., sued as "f/k/a LexisNexis Risk & Information Analytics Group Inc.,"[1] through counsel, hereby opposes Equifax Information Services LLC's ("Equifax") motion to consolidate this action with *Soutter v. Equifax*, No. 3:10CV00107 (E.D. Va.) ("*Soutter*"), and states as follows:

**INTRODUCTION**

Equifax seeks to consolidate this action with *Soutter* based on the bare legal conclusion that "the *Soutter* case constitutes a 'Claim' for which [LN] must indemnify Equifax." (Compl. ¶ 25.) Equifax's complaint here, however, fails to allege any facts to establish a case or controversy required for Article III jurisdiction. The complaint further fails to allege any facts to state a plausible claim for indemnity, much less facts obligating LN to indemnify Equifax or facts in common with *Soutter*. Given these threshold deficiencies, LN filed a motion to dismiss this action under Rules 12(b)(1) and 12(b)(6) or, alternatively to stay the matter. (*See* Docket

---

[1] LexisNexis Risk Solutions FL Inc. ("LN") operates only part, but not all, of the business "formerly known as" LexisNexis Risk & Information Analytics Group Inc. ("LNRIAG"). LexisNexis Risk Data Retrieval Services LLC ("LNRDRS"), not LN, is the LN affiliate that operates the former arm of LNRIAG's business governed by the public records vendor agreements, and the indemnity provisions set forth therein, at issue here.

Nos. 10-11.) These same reasons counsel against consolidation. But even if Equifax could establish jurisdiction and state a claim, it nevertheless fails to carry its burden to establish that this action and *Soutter* have issues of law or fact in common warranting consolidation, and its motion should be denied.

The plaintiff in *Soutter* has made a claim against Equifax only. As plaintiff Soutter states in her opposition to this motion, she has no claim against LNRDRS, and does not allege that LNDRDRS did anything unlawful. (Soutter's Opp'n to Mot. to Consol. at 13-14.) Her theory of liability does not depend on conduct by LN (indeed, the *Soutter* complaint is devoid of allegations against LN or LNRDRS). She challenges choices made by *Equifax* in its maintenance of the databases it uses to prepare consumer reports. (*Id.* at 3, 13-14) Equifax could thus ultimately suffer a loss in *Soutter* due exclusively to its *own* conduct. (*See, e.g., id.* at 10-11 (describing Equifax's alleged delay in purchasing of public record updates).)

Moreover, LNRDRS, not LN, has agreed to indemnify Equifax for "Losses" arising out of "Claims," to the extent that such a "Claim" "results from" certain conduct by LNRDRS. The existence of any indemnity obligation depends on the nature of Equifax's loss. LNRDRS indemnifies Equifax for certain losses resulting from certain conduct by LNRDRS, but does not indemnify Equifax for losses resulting from Equifax's conduct. Until *Soutter* is resolved, the factual predicate for indemnity is thus unknown. It is also unclear whether there ever will be any dispute between LN or LNRDRS and Equifax as to whether, depending on how *Soutter* is resolved, the indemnity applies. At the moment, there is no factual or legal basis on which to consolidate this action with *Soutter* and Equifax's motion should be denied.

## BACKGROUND

The plaintiff in *Soutter* alleges that *Equifax* violated Section 1681e(b) of the FCRA. (*Soutter* First Am. Compl. ¶¶ 1, 25; Compl. ¶ 24.) She alleges that "*Equifax* uses an automated and systematic procedure to gather and report derogatory civil judgments in consumer credit reports, but it does not follow similarly systematic procedures to gather information from the same courts when the civil judgments are satisfied, vacated, or appealed." (*Soutter* First Am.

Compl. ¶ 2 (emphasis added).) *Soutter* therefore "challenges the manner in which *Equifax* reports . . . civil judgments and the procedures *it* follows after a consumer disputes the judgment." (*Soutter* First Am. Compl. ¶ 1 (emphasis added).) Equifax alleges here that LN owes it indemnity on the theory that "the *Soutter* case constitutes a 'Claim' for which [LN] must indemnify Equifax" pursuant to two contracts between Equifax and two LNRDRS predecessors.[2] (Compl. ¶ 25.)

Pursuant to the 2004 and 2008 Agreements, LNRDRS gathers information about public records, such as judgments, and provides that information to Equifax. The 2004 and 2008 Agreements each state that LNRDRS will indemnify Equifax for certain "Losses arising out of, relating to or incurred as a result of any Claim *to the extent that such Claim results . . . from*" certain covered conduct by LNRDRS, such as "any negligence or intentional misconduct of [LNRDRS] in the course of performing its obligations under [the] Agreement[s]." (2008 Agreement, § 9(c); 2004 Agreement, § 10(e) (emphasis added).)[3] As her opposition to the

---

[2] The relevant contracts are an October 2004 "Public Record Agreement" between Equifax and Superior Information Services, Inc., a predecessor to LNRDRS (the "2004 Agreement") and a November 2008 "Public Record Acquisition Agreement" between Equifax and LNRIAG, another predecessor to LNRDRS (the "2008 Agreement"). (Compl. ¶¶ 8-23.) For purposes of this motion, LNRDRS's predecessors, Superior Information Services, Inc. and LNRIAG, are hereafter referred to collectively as "LNRDRS."

[3] The 2008 Agreement provides that LNRDRS will indemnify Equifax for losses on claims which result from "(i) any negligence or intentional misconduct of [LNRDRS] in the course of performing its obligations under this Agreement or (ii) [LNRDRS's] failure to comply with applicable law." (2008 Agreement, § 9(c).) The 2004 Agreement, in turn, provides that LNRDRS will indemnify Equifax for losses on claims which result from "(i) any failure by [LNRDRS] or its employees to comply with the terms of this Agreement; (ii) any negligence or intentional misconduct of [LNRDRS] in the course of performing its obligations under this Agreement or (iii) any consumer claim arising or resulting from [LNRDRS's] failure to (y) accurately report the information in a public record as of the date of collection . . . or (z) use reasonable efforts to procure the most current public record status of a public record item." (2004 Agreement, § 10(e).) Both Agreements define "Losses," as "any and all out-of-pocket costs, fees, losses, damages, claims and expenses, including attorneys' fees, disbursements and court costs" and define "Claims" as "third-party claims, demands, actions, suits or other proceedings." (2008 Agreement, § 9(b); 2004 Agreement, § 10(d).)

motion to consolidate makes clear, however, the plaintiff in *Soutter* "does not allege that LexisNexis harmed her, violated her rights or did anything at all that was unlawful." (Soutter's Opp'n to Mot. to Consol. at 13-14.) Soutter also notes that in Equifax's complaint against LN, "[Equifax] does not even allege that any conduct of LexisNexis caused Equifax to violate the FCRA." (*Id.* at 3.)

Equifax has denied that it is liable to the plaintiff in the pending *Soutter* action, and there is as yet no determination of Equifax's liability, if any, to the plaintiff there. (Compl. ¶ 25.) Moreover, neither the plaintiff in *Soutter* nor Equifax here even *alleges* that LNRDRS (much less LN) committed any wrongdoing giving rise to the claims in *Soutter*. Instead, as set forth in her opposition to Equifax's motion to consolidate, the theory of the plaintiff's case in *Soutter* is that *Equifax* failed to meet *its* obligations as a consumer reporting agency under the FCRA. (*See* Soutter's Opp'n to Mot. to Consol. at 3.)

Finally, there are no facts that Equifax *could* allege that would give rise to any liability on LN's part to indemnify Equifax for *Soutter*: LN is not the successor to either entity who agreed to indemnify Equifax under certain circumstances. For its part, LNRDRS — the actual indemnitor — committed no wrongdoing that would trigger its indemnity obligations under the Agreements with regard to the named *Soutter* plaintiff, let alone for a class of individuals that has not yet been certified or defined.

## LEGAL STANDARDS

Under Rule 42(a) of the Federal Rules of Civil Procedure, "a motion to consolidate must meet the threshold requirement of involving 'a common question of law or fact.'" *See Pariseau v. Anodyne Healthcare Mgmt., Inc.*, No. 3:04cv630, 2006 U.S. Dist. LEXIS 17357, at *3 (W.D.N.C. Feb. 9, 2006) (citing *Arnold v. E. Air Lines*, 681 F.2d 186, 193 (4th Cir. 1982)). The Federal Rules do not mandate that any cases be consolidated, however. Whether to consolidate is left to the district court's broad discretion. *See id.*

In evaluating a motion to consolidate, courts weigh the risks of prejudice and possible confusion against the risk of inconsistent adjudications, the burden posed by multiple lawsuits,

and the relative expense of proceeding separately. *Arnold*, 681 F.2d at 193. "The party making the motion for consolidation under Rule 42(a) has the burden of persuading the court that consolidation is desirable." *Diagnostic Devices, Inc. v. Taidoc Tech. Corp.*, No. 3:08-CV-559, 2009 U.S. Dist. LEXIS 83818, at *5 (W.D.N.C. Aug. 25, 2009) (citing 81 A.L.R. Fed. 732).

## ARGUMENT

I. **THERE IS NO CASE OR CONTROVERSY AND NO ADEQUATELY PLEADED CLAIM THAT COULD BE CONSOLIDATED WITH *SOUTTER***

Equifax's motion to consolidate should be denied. As set forth in LN's motion to dismiss or stay, there is no Article III jurisdiction here: given the terms of the indemnities at issue and the fact that the causation of Equifax's loss in *Soutter*, if any, is unknown, there is as yet no case or controversy between the parties regarding the contractual indemnity obligations. Indeed, according to the plaintiff in *Soutter*, that action has everything to do with *Equifax's* alleged wrongdoing and nothing to do with LN. (*See* Soutter's Opp'n to Mot. to Consol. at 8, 13-14.)

A federal district court "has no authority to consolidate an action of which it has jurisdiction with one of which it does not." *See Appalachian Power Co. v Region Props., Inc.*, 364 F. Supp. 1273, 1277 (W.D. Va. 1973). Among other things, where a court lacks jurisdiction over a case, that case is not "pending *before the court*" as required for consolidation under Rule 42. *See id.* (emphasis added); *see also Cella v. Togum Constructeur Ensemleier En Industrie Alimentaire*, 173 F.3d 909, 913 (3d Cir. 1999) (prior to consolidating actions, "[a] District Court should . . . analyze[] the jurisdictional basis of each action independently.") (citing *Cole v. Schenley Indus., Inc.*, 563 F.2d 35, 38 (2d Cir. 1977) (in turn holding "[c]onsolidation under Rule 42(a) . . . cannot effect a merger of the actions or the defenses of the separate parties. It does not change the rights of the parties in the separate suits. . . . We must therefore consider the jurisdictional basis of each complaint separately.") (citations omitted); *see also Chaara v Intel Corp.*, 410 F. Supp. 2d 1080, 1089-90 (D. N.M. 2005) (consolidation did not destroy separate identity of each of lawsuit nor obviate court's duty to assess its subject matter jurisdiction over second-filed lawsuit) (collecting cases).

sf-2897626                                              5

Consistent with these prudential principles, courts deny motions to consolidate where the underlying cases as yet disclose no facts warranting consolidation. *See Boulay Auto Glass, Inc. v. Ill. Farmers Ins. Co.*, No. 10-798, 2010 U.S. Dist. LEXIS 74988, at *18 (D. Minn. June 28, 2010) (recommending denial of motion to consolidate invoices for arbitration upon finding that "the issues concerning the merits of consolidation are now premature....").

Likewise, as set forth in LN's motion to dismiss, Equifax fails to plead any facts sufficient to support a plausible claim against LN for indemnity. (LN's Motion to Dismiss at 12-14.) Where a complaint fails to state a claim, "it does not serve judicial interests to consolidate [it] with another action." *See Carter v. Sullivan*, 07-0232, 2008 U.S. Dist. LEXIS 29512, at *3-4 (E.D. Cal. Mar. 27, 2008) ("Because Plaintiff has not alleged facts sufficient to state a claim for relief, his motion for consolidation should be denied.").

Here, the underlying action for which Equifax seeks indemnity is still pending; Equifax denies any liability there (Compl. ¶ 25); and neither Equifax nor the plaintiff in *Soutter* has even alleged (much less proven) that any claims in *Soutter* "resulted" from conduct by LNRDRS that might trigger indemnity obligations under the agreements at issue. Instead, the plaintiff in *Soutter* makes clear that her allegations against Equifax *do not result from any alleged wrongdoing by LN*. (Soutter's Opp'n to Mot. to Consol. at 13-14 (Soutter "does not allege that LexisNexis harmed her, violated her rights or did anything at all that was unlawful.").) Soutter's theory of her own case thus controverts Equifax's conclusory assertion that "the *Soutter* case constitutes a 'Claim' for which [LN] must indemnify Equifax." (Compl. ¶ 25.)

Equifax's indemnity claim should thus be dismissed and its motion to consolidate denied.

## II. EQUIFAX FAILS TO CARRY ITS BURDEN TO DEMONSTRATE COMMON QUESTIONS OF LAW OF FACT TO WARRANT CONSOLIDATION.

Even if Equifax could carry its burden to establish a case or controversy against LN, Equifax fails to carry its burden under Rule 42 to demonstrate common issues of fact and law between this action and *Soutter*. Equifax brings this indemnity suit on the bare legal conclusion that "the *Soutter* case constitutes a 'Claim' for which [LN] must indemnify Equifax." (Compl.

¶ 25.) Neither Equifax nor the plaintiff in *Soutter* alleges any facts *at all* regarding any alleged wrongdoing by LN or LNRDRS, much less any wrongdoing that somehow relates to Equifax's obligations as a consumer reporting agency under Section 1681e(b) of the FCRA. "[C]onclusory allegations that common questions of fact or law exist are insufficient to warrant consolidation." *See ABN AMRO Mortg. Group, Inc. v. Smith*, No. 1:06-cv-36, 2006 U.S. Dist. LEXIS 48716, at *4-5 (S.D. Ohio July 18, 2006).

Having failed to allege facts that would give rise to LN's (or LNRDRS') obligation to indemnify Equifax, Equifax attempts to rely on purportedly "common" facts *not* alleged in its complaint but raised for the first time in its motion to consolidate. For example, Equifax asserts that *Soutter* and this action share as a common "question of fact" whether, "[a]ssuming LexisNexis did not collect civil judgments data from the General District Court for the City of Richmond . . . it [was] reasonable to do so[.]" (Mot. to Consol. at 5.) Nowhere does Equifax's complaint (or for that matter the complaint in *Soutter*) allege that LN unreasonably failed to collect judgments. Each of the alleged "common" fact questions suffers the same flaw. Equifax simply may not carry its burden to establish facts in common with *Soutter* sufficient to warrant consolidation by referring to "facts" not alleged in its complaint. *Cf. Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 221 (4th Cir. 1994) (holding in context of a motion to dismiss "it is not . . . proper to assume that plaintiffs can prove facts that they have not alleged . . . .") (quotation omitted); *Commonwealth of Pa. v. PepsiCo. Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (disregarding brief's new allegations because it is axiomatic that a brief may not amend a complaint).

Not only is Equifax's motion to consolidate unsupported by factual overlap in the allegations of either complaint, but the plaintiff in *Soutter* has now expressly made clear that her allegations against Equifax do not result from any wrongdoing by LN. (Soutter's Opp'n to Mot. to Consol. at 13-14.) Soutter instead confirms that "there really is no responsibility lawfully attributed to [LN] based on the evidence now known to all parties." (*Id.* at 19.) Equifax has thus failed to carry its burden to demonstrate "facts" in common between this action and *Soutter*.

Moreover, the cases present entirely distinct legal claims — *Soutter* turns on Equifax's liability, if any, under the FCRA, while this action concerns the interpretation and application of agreements between Equifax and LNRDRS. As Soutter points out in opposing consolidation, she is an indifferent bystander to the contracts between LNRDRS and Equifax, and the FCRA in turn provides no "remedy between Plaintiff and LexisNexis." (Soutter's Opp'n to Mot. to Consol. at 13.) Soutter's claim is against Equifax, a "consumer reporting agency," under Section 1681e(b), a provision of the FCRA that by its terms imposes no obligation on a public records vendor like LNRDRS. (*Id.* at 13-14.) There is thus an insufficient nexus of factual or legal issues which would warrant consolidation. *See Midgett v. Cannon*, Nos. 2:08-cv-2162, 2:08-cv-2163, 2010 U.S. Dist. LEXIS 46140, at *3-4 (D.S.C. May 10, 2010) (denying motion to consolidate because "while the cases may have some factual overlap in the background, [the cases involve] two distinct legal claims."); *see also Fed. Ins. Co. v. New Coal Co.*, 415 F. Supp. 2d 647, 656 n.5 (W.D. Va. 2006) (denying motion to consolidate where actions "involve[d] different issues of law") (citing Fed. R. Civ. P. 42(a)).

### III. CONSOLIDATION WOULD NOT SERVE JUDICIAL EFFICIENCY AND ECONOMY AND WOULD INSTEAD PREJUDICIALLY OVERCOMPLICATE THE ACTIONS.

Any argument that consolidation would somehow serve judicial economy or conserve the parties' resources is belied by the fact that the *Soutter* action has been pending since February 17, 2010, while this action was not filed until August 25, 2010. The parties in *Soutter* have engaged in a significant period of discovery, which is set to conclude on October 8, 2010. Given that Equifax just recently sued LN, LN did not participate in any of the underlying discovery proceedings such as the depositions of various Equifax witnesses. Any discovery in which LN did not participate would thus need to be re-done so as not to prejudice its investigation of potential defenses to the Equifax complaint. The complication and delay that would result would inure solely to Equifax's benefit as it attempts to "devise an alternate strategy" or delay its protracted litigation with Soutter. (Soutter's Opp'n to Mot. to Consol. at

16.) Equifax's wasteful approach will not benefit the other parties or this Court, and its motion should be denied. *See Peggs v. Ingle*, No. 1:09CV327, 2009 U.S. Dist. LEXIS 91779, at *2-3 n.1 (M.D.N.C. Sept. 30, 2009) (denying motion to consolidate "in view of the fact that the separate action . . . is far advanced."). Equifax's motion to consolidate should be denied.

## CONCLUSION

For the foregoing reasons, LN respectfully requests that the Court deny Equifax's motion to consolidate this action with *Soutter*.

Dated: September 27, 2010                                          MURPHY & McGONIGLE, P.C.,


By: /S/_____
     Cameron S. Matheson

James A. Murphy (VSB No. 35380)
Cameron S. Matheson (VSB No. 47145)
Murphy & McGonigle, P.C.
4870 Sadler Road, Suite 301
Glen Allen, Virginia  23060
Telephone:  804.762.5332
Facsimile:  804.762.5361
james.murphy@murphymcgonigle.com
cameron.matheson@murphymcgonigle.com

Attorneys for Defendant LexisNexis Risk Solutions FL Inc.

sf-2897626

## CERTIFICATE OF SERVICE

I certify that on this 27th day of September 2010, I electronically filed the foregoing OPPOSITION BY DEFENDANT LEXISNEXIS TO EQUIFAX'S MOTION TO CONSOLIDATE THIS ACTION WITH *SOUTTER* with the Clerk of the Court using the CM/ECF System, which will send a notification of the filing to the following attorneys of record:

John Willard Montgomery , Jr., Esq.
Montgomery & Simpson, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230

Craig E. Bertschi, Esq.
Cindy Dawn Hanson, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309

Attorneys for Plaintiff Equifax Information Services LLC

/S/_____
Cameron S. Matheson (VSB No. 47145)
Murphy & McGonigle, P.C.
4870 Sadler Road, Suite 301
Glen Allen, Virginia 23060
Telephone: 804.762.5332
Facsimile: 804.762.5361
cameron.matheson@murphymcgonigle.com