IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| EQUIFAX INFORMATION SERVICES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS FL INC.,<br>f/k/a LEXISNEXIS RISK & INFORMATION<br>ANALYTICS GROUP INC.,<br><br>    Defendant. | Civil Action No. 3:10CV609 |

## ANSWER TO COMPLAINT

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure and the Court's Scheduling Order entered October 7, 2010 (*see* Docket No. 23), defendant LexisNexis Risk Solutions FL Inc. ("LNRSF"), sued in this matter as "f/k/a LexisNexis Risk & Information Analytics Group, Inc.," sets forth the following answer to the complaint of plaintiff Equifax Information Services LLC ("Equifax").[1]

### PARTIES, JURISDICTION & VENUE

1. In response to paragraph 1, LNRSF states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and denies the allegations on that basis.

2. In response to paragraph 2, LNRSF states that it is a Florida corporation with its principal place of business in Boca Raton, Florida.  Except as expressly admitted, LNRSF denies the allegations in paragraph 2.

---

[1] As set forth in LNRSF's motion to dismiss and opposition to Equifax's motion to consolidate (*see* Docket Nos. 10-11, 16 and 24), both of which are fully briefed and pending, LNRSF operates only part, but not all, of the business "formerly known as" LexisNexis Risk & Information Analytics Group Inc. ("LNRIAG").  An affiliated entity named LexisNexis Risk Data Retrieval Services LLC ("LNRDRS"), not LNRSF, operates the former arm of LNRIAG's public records collection business at issue in this litigation.  Equifax thus has sued the wrong entity.  LNRSF answers Equifax's complaint on its own behalf and not on behalf of any other affiliated entity.

sf-2908311                                         1

3. LNRSF denies the allegations in paragraph 3.

4. In response to paragraph 4, LNRSF states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and denies the allegations on that basis.

## FACTUAL BACKGROUND

5. To the extent paragraph 5 purports to allege legal conclusions, no response to the allegations is necessary. To the extent a response is required, LNRSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and denies the allegations on that basis.

6. In response to paragraph 6, LNRSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and denies the allegations on that basis.

7. In response to paragraph 7, LNRSF lacks sufficient knowledge or information to form a belief as to whether Equifax collects information regarding civil judgments, and hence denies that allegation. LNRSF states that LNRDRS, not LNRSF, operates the public records collection business at issue in this litigation. LNRSF therefore denies the allegations in Paragraph 7.

## The 2004 Agreement

8. LNRSF states that no response to the allegations of paragraph 8 is necessary, as the agreement at issue speaks for itself.

9. LNRSF states that no response to the allegations of paragraph 9 is necessary, as the agreement at issue speaks for itself.

10. LNRSF states that no response to the allegations of paragraph 10 is necessary, as the agreement at issue speaks for itself.

11. LNRSF states that no response to the allegations of paragraph 11 is necessary, as the agreement at issue speaks for itself.

12. LNRSF states that no response to the allegations of paragraph 12 is necessary, as the agreement at issue speaks for itself.

13. LNRSF states that no response to the allegations of paragraph 13 is necessary, as the agreement at issue speaks for itself.

14. LNRSF states that no response to the allegations of paragraph 14 is necessary, as the agreement at issue speaks for itself.

15. LNRSF states that no response to the allegations of paragraph 15 is necessary, as the agreement at issue speaks for itself.

16. LNRSF denies the allegations of paragraph 16.

17. LNRSF states that no response to the allegations of paragraph 17 is necessary, as the agreement at issue speaks for itself.

## The 2008 Agreement

18. LNRSF states that no response to the allegations of paragraph 18 is necessary, as the agreement at issue speaks for itself.

19. LNRSF states that no response to the allegations of paragraph 19 is necessary, as the agreement at issue speaks for itself.

20. LNRSF states that no response to the allegations of paragraph 20 is necessary, as the agreement at issue speaks for itself.

21. LNRSF states that no response to the allegations of paragraph 21 is necessary, as the agreement at issue speaks for itself.

22. LNRSF states that no response to the allegations of paragraph 22 is necessary, as the agreement at issue speaks for itself.

23. LNRSF states that no response to the allegations of paragraph 23 is necessary, as the agreement at issue speaks for itself.

## The *Soutter* Case

24. LNRSF admits that there is currently pending in this Court a case captioned *Donna K. Soutter and Tony Lee Webb v. Equifax Information Services*, *LLC*, Civil Action No.

3:10CV00107 ("*Soutter*"). LNRSF further states that to the extent this paragraph purports to characterize the allegations made by the plaintiff in *Soutter*, no response is necessary, as the operative complaint in *Soutter* speaks for itself. Except as expressly admitted, LNRSF denies the allegations in paragraph 24.

25. LNRSF states that, to the extent the allegations of paragraph 25 purport to characterize Equifax's response to the *Soutter* complaint, no response is necessary, as Equifax's answer to the operative *Soutter* complaint speaks for itself. Except as expressly admitted, LNRSF denies the allegations in paragraph 25.

26. LNRSF denies the allegations in paragraph 26.

## COUNT ONE — INDEMNITY

27. LNRSF denies the allegations in paragraph 27.

28. LNRSF denies the allegations in paragraph 28.

## ADDITIONAL DEFENSES

Without admitting any of the allegations of the complaint and without admitting or acknowledging that LNRSF bears any burden of proof as to any of them, LNRSF asserts the following additional defenses. LNRSF intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to further amend this answer in order to assert all such further defenses.

### First Additional Defense

This Court lacks subject matter jurisdiction, as Equifax's claim for indemnity is unripe and does not present a justiciable case or controversy against LNRSF.

### Second Additional Defense

The complaint fails to state sufficient facts to establish the elements of a claim for indemnity including, but not limited to, facts regarding what LNRSF did to give rise to any indemnity to Equifax.

## PRAYER FOR RELIEF

WHEREFORE, LNRSF prays as follows:

(a)     that Equifax take nothing by way of its complaint;

(b)     that judgment be rendered against Equifax and in favor of LNRSF;

(c)     LNRSF be awarded its costs of suit; and

(d)     for such other relief be awarded to LNRSF that the Court deems appropriate.

Dated: October 18, 2010                      MURPHY & McGONIGLE, P.C.

By: /s/ Cameron S. Matheson
       Cameron S. Matheson

James A. Murphy (VSB No. 35380)
Cameron S. Matheson (VSB No. 47145)
Murphy & McGonigle, P.C.
4870 Sadler Road, Suite 301
Glen Allen, Virginia 23060
Telephone: 804.762.5332
Facsimile: 804.762.5361
james.murphy@murphymcgonigle.com
cameron.matheson@murphymcgonigle.com

Attorneys for Defendant LexisNexis Risk Solutions FL Inc.

**CERTIFICATE OF SERVICE**

I certify that on this 18th day of October 2010, I electronically filed the foregoing Answer to Complaint with the Clerk of the Court using the CM/ECF System, which will send a notification of the filing to the following attorneys of record:

John Willard Montgomery, Jr., Esq.
Montgomery & Simpson, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia  23230

Craig E. Bertschi, Esq.
Cindy Dawn Hanson, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309

Attorneys for Plaintiff Equifax Information Services LLC

/s/ Cameron S. Matheson_____
Cameron S. Matheson (VSB No. 47145)
Murphy & McGonigle, P.C.
4870 Sadler Road, Suite 301
Glen Allen, Virginia  23060
Telephone:  804.762.5332
Facsimile:  804.762.5361
cameron.matheson@murphymcgonigle.com